IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sharon Mazyck,                    ) | |
| ) | Civil Action No. 8:10-2780-TMC-JDA |
| Plaintiff,          ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs.                 ) | |
| ) | |
| Michael J. Astrue,                ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.        ) | |

        This matter is before the Court for a Report and Recommendation pursuant to Local

Rule 73.02(B)(2)(a), D.S.C., and Title 28, U.S.C. § 636(b)(1)(B).[1]  Plaintiff brought this

action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the

Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for

disability insurance benefits ("DIB").  For the reasons set forth below, it is recommended

that the decision of the Commissioner be reversed and remanded for administrative action

consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

        Plaintiff protectively filed a claim for DIB on September 17, 2007 [R. 122–30],

alleging an onset of disability date of June 4, 2007 [R. 122].  The claim was denied initially

on January 25, 2008 [R. 67–69, 71–74] and was denied on reconsideration by the Social

Security Administration ("the Administration") on May 7, 2008 [R. 69–70, 78–79].  On May

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent
to disposition by a magistrate judge.

14, 2008, Plaintiff timely requested a hearing before an administrative law judge ("ALJ") [R 80–81], and on September 30, 2009, ALJ Linda R. Haack held a hearing on Plaintiff's claim [R. 20–66].

On December 22, 2009, the ALJ issued her decision, finding Plaintiff was not disabled.  [R. 10–16.]  The ALJ found Plaintiff had a severe impairment—hip bursitis—and non-severe impairments—diabetes mellitus, hypertension, and hyperlipidemia.  [R. 12, Finding 3.]  The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R. 12, Finding 4.]  The ALJ also found Plaintiff retained the residual functional capacity to perform light work, with restrictions.  [R. 12–13, Finding 5.]  Specifically, the ALJ found Plaintiff

> able to lift up to twenty pounds rarely, ten pounds occasionally, and less than five pounds frequently. She may stand and/or walk for four hours and 30 minutes at one time, and sit for four hours and 30 minutes at one time. She must avoid ropes, stairs, ladders, and scaffolds, but may perform other postural activities on an occasional basis.  She must avoid walking on uneven surfaces.  Pushing/pulling are limited to the weight limits noted for lifting. She is unable to work in exposure to fumes, gas, dust, or poor ventilation and she must avoid vibration, unprotected heights, and operating foot controls.

[R. 13, Finding 5.]  With these restrictions, the ALJ found Plaintiff was unable to perform any past relevant work [R. 15, Finding 6], but jobs existed in significant numbers in the national economy Plaintiff could perform [R. 15, Finding 10].

On September 4, 2010, the ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the

hearing decision.  [R. 1–3; 20 C.F.R. § 404.981.]  Plaintiff filed this action for judicial review on October 27, 2010.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ committed the following errors:

1. provided a hypothetical to the vocational expert that differed from the ALJ's residual functional capacity ("RFC") assessment [Doc. 13 at 26–29];

2. failed to consider Plaintiff's impairments in combination, which prevented the ALJ from concluding Plaintiff's impairments met Listing 1.04A and from properly determining Plaintiff's RFC [*id.* at 29–35];

3. failed to adequately explain her findings with respect to Plaintiff's RFC [*id.* at 35–36]; and

4. failed to sufficiently explain why she found Plaintiff's allegations not entirely credible [*id.* at 36–40].

The Commissioner argues the ALJ reasonably determined Plaintiff was not disabled within the meaning of the Social Security Act.  Specifically, the Commissioner contends

1. the ALJ properly evaluated the severity of Plaintiff's impairments [Doc. 14 at 14–17];

2. to the extent Plaintiff argues the ALJ erred by failing to find Plaintiff had an impairment or combination of impairments that met Listing 1.04A, the evidence does not support a finding that Plaintiff's impairments met Listing 1.04A [*id.* at 17–19];

3. substantial evidence supports the ALJ's RFC assessment [*id.* at 19–22];

4. the ALJ properly considered Plaintiff's subjective complaints and reasonably concluded Plaintiff's complaints were not entirely credible [*id.* at 22–25]; and

5. the ALJ properly determined there was a significant number of jobs available Plaintiff could perform [*id.* at 25–28].

**STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "'allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ),'" not on the reviewing court.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)); *see also  Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the

4

evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the plaintiff's residual

5

functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the plaintiff disabled).   Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision.  *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand.").  After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction.  *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).  A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been

different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[2]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

---

[2]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence.  *See, e.g.*, *Ashton v. Astrue*, No. 6:10-cv-152, 2010 WL 5478646, at *8 (D.S.C. Nov. 23, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

7

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.     The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).   The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.   20 C.F.R. § 404.1520.   Through the fourth step, the burden of production and proof is on the claimant.   *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).   The claimant must prove disability on or before the last day of her insured status to receive disability benefits.   *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).   If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.   *Grant*, 699 F.2d at 191.   If at any step of the evaluation the ALJ can find

8

an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a),; *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit, whether or not a profit is realized, 20 C.F.R. § 404.1572(b).  If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity.  20 C.F.R. § 404.1574–.1575.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521.  When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must

9

adequately explain his or her evaluation of the combined effects of the impairments."). If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**C.    *Meets or Equals an Impairment Listed in the Listings of Impairments***

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

**D.    *Past Relevant Work***

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[3] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work. 20 C.F.R. § 404.1560(b).

**E.    *Other Work***

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could

---

[3]Residual functional capacity is "the most [a claimant] can do despite [his] limitations." 20 C.F.R. § 404.1545(e)

10

perform other work that exists in the national economy.  *See* 20 C.F.R. § 404.1520(f)–(g);

*Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the

Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the

"grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers

primarily from an exertional impairment, without significant nonexertional factors.[4]  20

C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31

(4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving

exertional limitations).  When a claimant suffers from both exertional and nonexertional

limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case,

the Commissioner must use a vocational expert to establish the claimant's ability to

perform other work.  20 C.F.R. § 404.1569a; *see Walker*, 889 F.2d at 49–50 ("Because we

have found that the grids cannot be relied upon to show conclusively that claimant is not

disabled, when the case is remanded it will be incumbent upon the [Commissioner] to

prove by expert vocational testimony that despite the combination of exertional and

nonexertional impairments, the claimant retains the ability to perform specific jobs which

exist in the national economy.").  The purpose of using a vocational expert is "to assist the

ALJ in determining whether there is work available in the national economy which this

particular claimant can perform."  *Walker*, 889 F.2d at 50.  For the vocational expert's

---

[4]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. § 404.1569a.  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  *Id.*

testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.     Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.     Treating Physicians

The opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contradictory evidence" in the record. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986) (holding that a treating physician's testimony is entitled to great weight because it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983)). If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic

techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence. *Craig*, 76 F.3d at 590. Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See id.* (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d),. In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell*, 699 F.2d at 187 (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(d)(2). An ALJ determination coming down on the side of a non-examining, non-

13

treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir.1986).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  20 C.F.R. § 404.1527(e). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  *Id.*

### IV.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).  The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability.  20 C.F.R. § 404.1517.  Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary.  *Id.*

### V.    Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716,

14

723 (4th Cir. 2005) (unpublished opinion). First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig,* 76 F.3d at 594). Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id*. (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the Fourth Circuit's "pain rule," it is well established that "subjective complaints of pain and physical discomfort can give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman*, 829 F.2d at 518. The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:

15

...

> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

16

Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Failure to Consider Plaintiff's Impairments in Combination**

Plaintiff contends, among other things, the ALJ erred by failing to properly consider Plaintiff's impairments in combination.[5]  The Court agrees.

As stated in the Social Security Act,

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(d)(2)(B).  If an ALJ finds a claimant has a severe impairment or combination of impairments, the ALJ must consider all of the claimant's impairments, including non-severe impairments and the limitations imposed by all the claimant's

---

[5] Plaintiff alleges the ALJ should have considered her mental and physical impairments in combination [Doc. 13 at 30], but the record reflects only claims of disability based on physical impairments.  Therefore, the Court will construe Plaintiff's argument as alleging a failure to consider Plaintiff's *physical* impairments in combination.

impairments, at the remaining steps of the sequential analysis.  *Id.*; 20 C.F.R. § 404.1523; SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996); *see also Pittman v. Astrue*, No. 5:08-cv-83-FL, 2008 WL 4594574, at *4 (E.D.N.C. Oct. 10, 2008).  The ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Walker*, 889 F.2d at 50 ("As a corollary to th[e] rule [that the ALJ must evaluate the combined effect of the claimant's impairments], the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985))).  Courts in this district have consistently held an ALJ's failure to adequately explain her evaluation of the combined effects of a claimant's impairments prevents appropriate judicial review because the court is unable to say whether substantial evidence supports the Commissioner's decision. *See, e.g.*, *Rabon v. Astrue*, No. 4:08-3442-GRA, 2010 WL 923857, at *1–2 (D.S.C. Mar. 9, 2010); *Saxon v. Astrue*, 662 F. Supp. 2d 471, 479–80 (D.S.C. 2009); *Washington v. Comm'r of Soc. Sec.*, 659 F. Supp. 2d 738, 744–45 (D.S.C. 2009); *Lemacks v. Astrue*, No. 8:07-2438-RBH-BHH, 2008 WL 2510087, at *3–4 (D.S.C. May 29, 2008), *adopted by* 2008 WL 2510040 (D.S.C. June 18, 2008); *Alonzeau v. Astrue*, No. 0:06-2926-MBS-BM, 2008 WL 313786, at *3 (D.S.C. Feb. 1, 2008).  Even if it is possible to infer from the ALJ's review of the medical evidence and RFC analysis that she did consider the combined effects of the claimant's impairments, the ALJ's decision is insufficient because it fails to adequately explain her evaluation of any cumulative effects of the claimant's impairments.  *See Saxon*, 662 F. Supp. 2d at 480 (quoting *Alonzeau*, 2008 WL 313786, at *3).

18

Here, the ALJ found Plaintiff's hip bursitis was a severe impairment but that Plaintiff's medically determinable impairments of diabetes mellitus, hypertension, and hyperlipidemia did not cause more than minimal limitations in Plaintiff's ability to perform work-related activities.[6] [R. 12.] The ALJ then concluded Plaintiff did not meet Listing 1.02 because there was no indication Plaintiff was unable to ambulate effectively. [*Id.*] Next, in her RFC assessment, the ALJ discussed Plaintiff's history of right trochanteric bursitis, bilateral hip pain, and stage II avascular nercrosis of the left hip [R. 13–14] but provided no discussion of Plaintiff's non-severe impairments, whether they impacted Plaintiff's RFC, or whether she considered them in combination with Plaintiff's severe impairment. Upon review of the ALJ's decision, the Court concludes the ALJ failed to properly discuss the combined effects of Plaintiff's impairments,[7] and thus, the Court is unable to evaluate

_____

[6] Curiously, Plaintiff alleged disability due to asthma, sciatic pain, and diabetes [R. 68] and testified she was disabled due to leg/hip and back pain [R. 28–47], but the ALJ ultimately found Plaintiff had a severe impairment of hip bursitis and non-severe impairments of diabetes mellitus, hypertension, and hyperlipidemia [R. 12, Finding 3]. The ALJ provides no discussion of Plaintiff's hypertension and hyperlipidemia and why she considered these impairments even though Plaintiff did not allege disability due to these impairments. Further, in her statement of Plaintiff's RFC, the ALJ stated Plaintiff was unable to work in exposure to fumes, gas, dust, or poor ventilation [R. 13, Finding 5], but the ALJ provided no discussion of Plaintiff's alleged asthma; nothing in the ALJ's decision indicates why the ALJ included in the RFC assessment a limitation as to exposure to fumes, gas, dust, and poor ventilation. Without discussion of Plaintiff's non-severe impairments and RFC limitations, the Court cannot determine if the ALJ's decision is supported by substantial evidence. *See Smith*, 782 F.2d at 1181–82; *Myers*, 611 F.2d at 982 (stating that a reviewing court will reverse and remand the Commissioner's decision if the decision fails to provide the court with sufficient reasoning to determine whether the Commissioner properly applied the law or to determine the basis of the Commissioner's decision).

[7] In this case, the ALJ summarily concluded Plaintiff did not have an impairment or combination of impairments that met a listed impairment [R. 12], which is similar to the ALJ's decision considered in *Lemacks*. As stated in *Lemacks*,

> The ALJ's decision regarding the combined effects of the plaintiff's impairments, in this case, is identical to that in *Walker*. In a single conclusory statement the ALJ states that "the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." The Fourth Circuit, in *Walker*, expressly held that such a "finding in itself, however, is not sufficient to foreclose disability."

19

whether the ALJ's decision is supported by substantial evidence.  Accordingly, the Court recommends the Commissioner's decision be reversed and remanded for proper consideration of all of Plaintiff's alleged impairments.

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to properly consider the combined effects of Plaintiff's alleged impairments is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ.[8]  However, upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error.

**CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be REVERSED pursuant to sentence four of 42 U.S.C. § 405(g)

---

. . .

> The Court is aware that the structure of the ALJ's analysis in this case is not uncommon.  Most decisions reviewed by the Court profess to consider the combined effects of a claimant's impairments, while actually analyzing each impairment separately.  The ALJs may, in fact, be considering the combined effect, but analysis reflecting such consideration is seldom expressly included.  *Walker* requires adequate explanation and evaluation; in its absence, judicial review cannot be had.  These decisions commit precisely the error rejected in *Walker*, and when a claimant brings them to the attention of the Court, they cannot be ignored.  As recently as this year, this district has reaffirmed its commitment to enforcing the requirements of *Walker* that the ALJ make express his treatment of the combined effects of all impairments.

2008 WL 2510087, at *4 (citing *Walker*, 889 F.2d at 50; *Alonzeau*, 2008 WL 313786, at *3 ).

[8] *See supra* note 6.  The ALJ should also evaluate whether Plaintiff's alleged impairments have been properly discussed and whether the RFC assessment is adequately explained such that a reviewing court can determine whether the ALJ's decision is supported by substantial evidence.

and that the case be REMANDED to the Commissioner for further administrative action consistent with this recommendation.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 13, 2012
Greenville, South Carolina