IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sharon Mazyck, ) | |
| ) | |
| Plaintiff, ) | C/A No. 8:10-2780-TMC |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on January 13, 2012. (Dkt. # 19).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**Procedural Background**

Plaintiff filed an application for DIB on September 17, 2007, with an alleged disability onset date of June 4, 2007. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on September 30, 2009, and on December 22, 2009, the ALJ denied Plaintiff benefits. Plaintiff sought review of his case by the

Appeals Council which was denied. Plaintiff filed this action on October 27, 2010. The Magistrate Judge to whom this matter was referred filed a Report and Recommendation on January 13, 2012, in which she recommended that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g). The Defendant filed objections to the Report on January 30, 2012. (Dkt. # 20). This matter is now ripe for review. In her Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.

## Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

The ALJ found Plaintiff's hip bursitis was a severe impairment and that Plaintiff also suffered from the following non-severe impairments: diabetes, hypertension, and hyperlipidemia. (R. 12). In her Report, the Magistrate Judge found the ALJ erred by failing to properly consider all of Plaintiff's impairments in combination. The Defendant objects to the Magistrate Judge's recommendation that the ALJ failed to consider Plaintiff's impairments in combination. Defendant contends that "an ALJ's separate discussion of a claimant's impairments and the other evidence of record is sufficient to show that she adequately considered the claimant's impairments in combination." (Def.'s Objs. at 1). The Defendant contends that the ALJ's residual functional capacity ("RFC") reflects that the ALJ considered all of Plaintiff's impairments in combination. (Def.'s Objs. at 2). Furthermore, the Defendant contends that the ALJ's recitation that she must consider all Plaintiff's impairments in combination, her statement that she considered "all of the evidence," and that Plaintiff did not have an impairment or combination of impairments that meet the listing was sufficient. *Id*.

When, as here, a claimant has more than one impairment, the statutory and regulatory scheme for making disability determinations, as interpreted by the Fourth Circuit, requires that the ALJ consider the combined effect of these impairments in determining the claimant's disability status. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Aurand v. Astrue*, 6:07–3968–HMH, 2009 WL 364389 (D.S.C. Feb.12, 2009) (remanding with instruction that ALJ consider severe and medically-determinable nonsevere impairments in combination). Whether or not the impairments are found to be severe, the ALJ must consider the severe and nonsevere complaints and impairments in combination in determining the Plaintiff's disability. Furthermore, "[a]s a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50.

3

It "is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. . . . [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50 (*citing Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985)). The ALJ's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue "throughout the disability process." 20 C.F.R. § 404.1523. Here, the ALJ considered only the Plaintiff's hip impairment and did not consider a combination of the Plaintiff's impairments. The ALJ failed to consider or, at least failed to articulate whether and how she considered the Plaintiff's multiple impairments together, thereby violating 20 C.F.R. § 404.1523, which provides as follows:

> Multiple Impairments. In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

*Id. See also Fleming v. Barnhart*, 284 F.Supp.2d 256, 270 (D.Md. 2003) (holding "[t]he ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process."). It is well-established that the ALJ must consider all of the Plaintiff's impairments, including those she finds to be nonsevere, in combination with her other impairments. Accordingly, the court agrees with the Magistrate Judge that this case should be

remanded for the ALJ to consider the Plaintiff's severe and non-severe impairments in combination.[1]

After carefully reviewing the record, the court finds that the Magistrate Judge's recommended disposition is correct in this case and the Defendant's objections should be overruled. Having conducted the required de novo review of the issues to which the Defendant has objected, the Court finds no basis for disturbing the Report.

## Conclusion

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case.  The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. The Defendant's objections are overruled.  For the reasons set out above and in the Report, the Commissioner's final decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further action consistent with this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 1, 2012
Greenville, South Carolina

---

[1] Just as the Magistrate Judge did, the court address in detail only the ALJ's error in failing to consider Plaintiff's impairments in combination. The court has not decided whether any of the remaining issues Plaintiff raised on appeal would independently warrant relief. However, upon remand, the ALJ should also consider the other issues raised by Plaintiff.